# EXHIBIT 1

1   Thomas V. DeNatale, Jr., State Bar No. 65620
    Terrence T. Egland, State Bar No. 240911
2   James R. Harvey, State Bar No. 273790
    KLEIN, DeNATALE, GOLDNER,
3     COOPER, ROSENLIEB & KIMBALL, LLP
    4550 California Avenue, Second Floor
4   Bakersfield, California 93309
    P.O. Box 11172
5   Bakersfield, California 93389-1172
    Telephone: (661) 395-1000
6   Facsimile: (661) 326-0418
    Email: tvd@kleinlaw.com
7          tegland@kleinlaw.com
           jharvey@kleinlaw.com
8
9   Attorneys for Plaintiffs

FILED

12 APR 30 PM 3:59

TERRY McNALLY, CLERK
KERN COUNTY, CALIFORNIA
BY: _____ DEPUTY

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11              **COUNTY OF KERN – METROPOLITAN DIVISION**

| | |
|---|---|
| 12  RENEWABLE LAND, LLC, a California limited liability company; | Case No. S-1500-CV-276511 NFT |
| 13  SEAN GARRIFF ROBERTS, an individual and Trustee of the SEAN GARRIFF | **VERIFIED COMPLAINT FOR:** |
| 14  ROBERTS 2005 TRUST dba ROBERTS INVESTMENTS, a California trust; and | 1. **Declaratory Relief** |
| 15  RENEWABLE MANAGEMENT CORPORATION, a California corporation, | 2. **Declaratory Relief**<br>3. **Declaratory Relief** |
| 16 | 4. **Declaratory Relief**<br>5. **Quiet Title** |
| 17              Plaintiffs, | 6. **Quiet Title**<br>7. **Breach of Contract** |
| 18        v. | 8. **Breach of Implied Covenant of Good Faith and Fair Dealing** |
| 19  RISING TREE WIND FARM LLC, a Delaware limited liability company; | |
| 20  EDP RENEWABLES NORTH AMERICA LLC, a Delaware limited liability company; | |
| 21  ALL PERSONS UNKNOWN claiming any legal or equitable right, title, estate, lien, or | |
| 22  interest in the property described in the complaint adverse to Plaintiffs' title, or any | |
| 23  cloud on Plaintiffs' title thereto; and DOES 1 through 50, inclusive, | |
| 24              Defendants. | |

25

26          Plaintiffs allege as follows:

27   ///

28   ///

1

## SUMMARY

2       The plaintiffs are owners of real property in Kern County, which they intend to develop

3   for renewable energy purposes. By this lawsuit, they seek to free their property from the cloud

4   on title caused by an option agreement that expired by its plain terms in November 2011. By

5   way of background, in November 2006, the plaintiffs and defendant Rising Tree (then known as

6   Homestead Wind Farm LLC) entered into an option agreement pursuant to which Rising Tree

7   received a five-year option to lease, purchase, or receive other real property interests in land

8   intended to be developed into a wind farm to generate electricity.

9       Rising Tree had a right to extend the option if, among other things, Rising Tree

10  (1) provided to Plaintiffs 30-days' prior written notice of Rising Tree's intent to extend the

11  option and (2) paid a total of $500,000 to certain plaintiffs. Rising Tree did neither within the

12  time required under the option agreement. Indeed, by Rising Tree's own admission—contained

13  in a proposed second amendment to the option agreement received by Plaintiffs after the option

14  term had expired—the option "expired by its terms." Plaintiffs did not accept Rising Tree's

15  proposed second amendment, which would have "reinstate[d]" Rising Tree's option. Instead,

16  Plaintiffs entered into an option agreement with a third party, Addison Energy Resources, LLC

17  ("Addison"), which now seeks to develop a wind farm on Plaintiffs' and adjacent properties.

18      Despite Rising Tree's own admission that the option expired and clear California law

19  automatically terminating Rising Tree's interests upon the expiration of the option, Rising Tree

20  refuses to acknowledge that it no longer has any of its option rights and refuses to otherwise

21  comply with its contractual promises upon expiration of its option, including its duty to produce

22  certain historical wind data and environmental studies that Plaintiffs and Addison need to

23  develop a wind energy project on Plaintiffs' land. After trying to informally resolve these issues

24  with Rising Tree (which is owned by Houston-based EDP Renewables North America LLC, a

25  national energy developer), Plaintiffs were left with no choice but to file this lawsuit so that

26  Addison may develop the wind project in a timely manner.

27  ///

28  ///

**GENERAL ALLEGATIONS**

1.     Plaintiff RENEWABLE LAND, LLC ("Renewable Land") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of California, with its principal place of business in Kern County, California.

2.     Plaintiff SEAN GARRIFF ROBERTS is, and at all times mentioned herein was, an individual residing in Kern County, California.  Sean Garriff Roberts additionally is, and at all times mentioned herein was, trustee of the SEAN GARRIFF ROBERTS 2005 TRUST dba ROBERTS INVESTMENTS (the "Roberts Trust"), a California trust.

3.     Plaintiff RENEWABLE MANAGEMENT CORPORATION ("RMC") is, and at all times mentioned herein was, a California corporation with its principal place of business in Kern County, California.

4.     Plaintiffs are informed and believe that defendant RISING TREE WIND FARM LLC ("Rising Tree") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Harris County, Texas.

5.     Plaintiffs are informed and believe that, at certain times in the past, Rising Tree was formerly known as Bent Tree Wind Farm LLC, a Delaware limited liability company. Plaintiffs are further informed and believe that, at certain times in the past, Rising Tree was formerly known as Homestead Wind Farm LLC, a Delaware limited liability company.

6.     Plaintiffs are informed and believe that defendant EDP RENEWABLES NORTH AMERICA LLC ("EDP Renewables") is, and at all times mentioned herein was, a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Harris County, Texas.  Plaintiffs are further informed and believe that, at certain times in the past, EDP Renewables was formerly known as Horizon Wind Energy Company LLC, a Delaware limited liability company.

7.     Plaintiffs are informed and believe that defendant Rising Tree is a subsidiary of EDP Renewables.

///

8.      Plaintiffs are ignorant of the true names and capacities of the defendants sued as ALL PERSONS UNKNOWN Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiffs' Title, or Any Cloud on Plaintiffs' Title Thereto (the "Unknown Claimants"), and therefore sues these defendants by such fictitious names.

9.      Plaintiffs are ignorant of the true names and capacities of the defendants sued as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.

10.     Rising Tree, EDP Renewables, the Unknown Claimants, and DOES 1 through 50, inclusive, unless referred to specifically, are collectively referred to herein as the "Defendants."

11.     Plaintiffs are informed and believe, and on that basis allege, that at all times mentioned in this complaint, Defendants and each of them were the agents and employees of their co-defendants, and in doing the things alleged in this complaint, were acting within the course and scope of that agency and employment.

**Wind Energy Development and Option Agreement**

12.     On or about November 17, 2006, Plaintiffs and Rising Tree—known at that time as Homestead Wind Farm LLC—entered into a written agreement entitled "Wind Energy Development and Option Agreement" (the "Agreement").  A true and correct copy of the Agreement is attached hereto as **Exhibit A**, and is incorporated herein by this reference.

13.     The primary purpose of the Agreement is to provide for the acquisition and development of real property for the construction and operation of wind energy facilities located in Kern County, California, which real property is collectively referred to herein as the "Project Property."

14.     Some of the real property interests constituting the Project Property are owned by Renewable Land.  Other real property interests constituting the Project Property are owned by the Roberts Trust.  Other real property interests constituting the Project Property affect land owned by the United States of America, by and through the Department of the Interior, Bureau

1  of Land Management (the "BLM").  The remainder of the real property interests constituting the

2  Project Property are owned or controlled by Rising Tree and/or one or more wholly-owned

3  subsidiaries of EDP Renewables (collectively, the "EDP Entities").

4       15.    Those portions of the Project Property owned by Renewable Land are sometimes

5  referred to herein as the "Renewable Property."  Those portions of the Project Property owned

6  by the Roberts Trust are sometimes referred to herein as the "Trust Property," and collectively

7  with the Renewable Property, as the "Owners' Property."  Those portions of the Project Property

8  owned by the BLM are sometimes referred to herein as the "BLM Property."

9       16.    Because Rising Tree was known as Homestead Wind Farm LLC at the time the

10  Agreement was executed, those portions of the Project Property either owned or controlled by

11  an EDP Entity are defined in the Agreement, and are sometimes referred to herein, as the

12  "Homestead Property."

13       17.    The Homestead Property is more particularly described in Exhibit B to the

14  Agreement, as follows:

15      The Homestead Property consist(s) of approximately 2,000 acres
16      of land in Kern County, California as more specifically described
    below:

17      Those parcels of land, excepting those parcels of land described as
18      Owner's Property, in the following areas located in the
    unincorporated County of Kern, State of California and within the
19      dashed boundary as depicted on the map attached hereto:

20      In Township 12 North, Range 13 West, S.B.B. & M; all of
    Sections 35 and 36;

21      In Township 11 North, Range 13 West, S.B.B.& M.,
    a)  All of Sections 2 and 10
22      b)  Those portions of the Northwest Quarter and the
       Southwest Quarter of Sections 1 and 11 whose
23         southeastern boundary is the Los Angeles Aqueduct
    c)  All of Section 15 whose southeastern boundary is the
24         Los Angeles Aqueduct

25      d)  Those portions of the Northeast Quarter and the
       Southeast Quarter of Section 3 whose northwestern
26         boundary is the operating wind farm known as Mojave
       3, LLC.
27      e)  The East ½ of the East ½ of Section 9;
    f)  The East ½ of the Northeast Quarter of Section 16
28

18.     Before execution of the Agreement, RMC obtained from the BLM certain easements and right-of-way grants (the "RMC Rights") that allow RMC to, among other things, traverse and develop the surface of the BLM land for the purposes described in the RMC Rights.

19.     Pursuant to the Agreement, Renewable Land and the Roberts Trust agreed to grant to Rising Tree, and Rising Tree agreed to pay for, an option (the "Option") to: (1) lease the Owners' Property; and (2) receive an assignment, sublease, sub-easement, or other conveyance of the RMC Rights.

20.     Pursuant to the Agreement, the "Base Term" of the Option commenced on November 17, 2006 and expired five years later, on November 17, 2011.

21.     Section 3(c) of the Agreement allows Rising Tree to extend the Base Term of the Option by an additional two years upon satisfaction of all of the following conditions:

    (1)  Rising Tree notified Plaintiffs in writing, no later than thirty (30) days before the expiration of the Base Term (the "Exercise Date"), of Rising Tree's intent to extend the Base Term;

    (2)  Rising Tree tendered two checks—one in the sum of $250,000 and made payable to Renewable Land, and one in the sum of $250,000 and made payable to the Roberts Trust; and

    (3)  Rising Tree either was not in default at the time of giving notice of its intent to extend the Base Term, or if it was in default, was able to cure such default prior to expiration of the Base Term.

22.     Pursuant to section 10(b) of the Agreement, if Rising Tree failed to exercise the Option prior to its expiration, then the rights of Rising Tree with respect to the Option automatically and immediately terminated without notice or any liability whatsoever to either party thereto except that Plaintiffs have an exclusive right (the "Acquisition Right") to, at any point during the two year period following the expiration of the term of the Option, purchase any real property interests of the EDP Entities in any of the Homestead Property.

23.     Pursuant to section 10(b)(1) of the Agreement, the price of the Homestead Property under the Acquisition Right—if acquired during the initial year following the expiration of the term of the Option—is 110% of "Homestead's acquisition price" of the

1   Homestead Property.  Pursuant to section 10(b)(2) of the Agreement, the price of the Homestead

2   Property under the Acquisition Right, if acquired during the second year following the

3   expiration of the term of the Option, is 120% of "Homestead's acquisition price" of the

4   Homestead Property.

5       24.   Pursuant to section 7(c) of the Agreement, during the term of the Option, Rising

6   Tree was granted the exclusive use of, and obligation to maintain, certain meteorological data

7   and environmental studies bearing upon the feasibility of wind energy development upon the

8   Project Property.  Upon expiration of the Option, however, this section authorizes Plaintiffs to

9   use such meteorological data and environmental studies in any manner Plaintiffs deem fit.

10                      **FIRST CAUSE OF ACTION**
                **For Declaratory Relief as to the Expiration of the Option**
11        *(By all Plaintiffs against Rising Tree, EDP Renewables, and DOES 1 through 50, inclusive)*

12      25.   Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 24

13   of this complaint.

14      26.   As of the Exercise Date—that is, 30 days before the expiration of the Option—

15   Rising Tree had neither provided any written notice whatsoever of its intent to extend the Base

16   Term, nor tendered the payments described in section 3(c)(2) of the Agreement.  Thus, under

17   section 10(b) of the Agreement, the rights of Rising Tree as to the Option "automatically and

18   immediately terminate[d] without any notice or any liability whatsoever" and the parties "have

19   no further rights or obligations with respect to such Option."

20      27.   Nevertheless, on November 17, 2011—the last effective day of the Base Term

21   and 30 days after the mandatory Exercise Date—Rising Tree told Plaintiffs that Rising Tree

22   intended to extend the Base Term.

23      28.   On November 18, 2011—after the Option had expired—Plaintiffs received a

24   written notice from Rising Tree, untimely requesting to extend the Base Term and enclosing the

25   payments described in section 3(c)(2) of the Agreement.  A true and correct copy of this letter

26   (the "Extension Letter") and its enclosures is attached hereto as **Exhibit B**.

27      29.   In the Extension Letter, Rising Tree explicitly acknowledged that it had not met

28   the condition set forth in section 3(c)(1) of the Agreement requiring Rising Tree to provide

1    written notice of intent to extend the Base Term at least 30 days before expiration of the Base

2    Term. Accordingly, Rising Tree requested that Plaintiffs enter into a second amendment to the

3    Agreement, which admits that "the Option Agreement has expired by its terms" and attempts to

4    "reinstate . . . the Option." Similarly, in that proposed amendment, Rising Tree requests that

5    Plaintiffs waive the notice requirements under the Agreement with respect to such extension and

6    "re-grant" the Option.

7         30.    Plaintiffs informed Rising Tree that the Option had expired pursuant to its own

8    terms and they would not enter into the proposed second amendment to reinstate the Option or

9    waive any of their rights under the Agreement.

10        31.    Notwithstanding its acknowledged failure to satisfy the condition regarding

11   timely notice of intent to extend the Base Term, Rising Tree is asserting that its Extension Letter

12   extended the Base Term by two years.

13        32.    An actual controversy has arisen and now exists between Plaintiffs and

14   Defendants concerning the continuing force and effectiveness of the Option.

15        33.    Plaintiffs contend that the Option expired according to its terms on November 17,

16   2011. Plaintiffs expressly refuse, and at all times have refused, to waive the condition requiring

17   payment and notice of intent to extend the Base Term at least 30 days prior to the expiration of

18   the Base Term, neither of which Rising Tree satisfied.

19        34.    Plaintiffs are informed and believe that Defendants disagree, and contend that

20   any attempt by Plaintiffs to lease or sell any portion of the Project Property to third parties other

21   than Rising Tree would constitute a breach of the Agreement.

22        35.    On January 25, 2012, Plaintiffs sent a letter to EDP Renewables informing them

23   that Plaintiffs had decided to pursue alternate development plans for the Owners' Property and

24   requesting that EDP Renewables cause Rising Tree to deliver to Plaintiffs (1) the Wind Data and

25   Environmental Studies required by section 7(c) of the Agreement and (2) evidence of land

26   control held by any EDP Entity with respect to the Homestead Property, along with complete

27   and verified evidence of the costs paid by such entities for such real property or real property

28   interests. A true and correct copy of this January 25, 2012 letter is attached hereto as **Exhibit C.**

1        36.    On March 8, 2012, Plaintiffs entered into an Option and Development Agreement

2  with Addison (the "Addison Option") with respect to the Owners' Property and with respect to

3  Plaintiffs' Acquisition Right.

4        37.    A judicial determination is necessary at this time because Plaintiffs are unable to

5  provide clear title to the Owners' Property as required under the Addison Option to the extent

6  Rising Tree continues to assert that its Option has not terminated and refuses to honor its

7  obligations under the Acquisition Right, including delivery to Plaintiffs of evidence of land

8  control and acquisition costs required for Plaintiffs to evaluate the exercise of such Acquisition

9  Right.

10       38.    Plaintiffs request a judicial determination of the respective rights and duties, if

11  any, of Plaintiffs and Defendants under the Agreement—particularly, with respect to the Option.

12  Plaintiffs further request a judicial declaration that the Option expired pursuant to its terms on

13  November 17, 2011, and is of no continuing force or effectiveness.

14  **SECOND CAUSE OF ACTION**
15  **For Declaratory Relief as to the Scope of Plaintiffs' Acquisition Right**
*(By all Plaintiffs against Rising Tree, EDP Renewables, and DOES 1 through 50, inclusive)*

16       39.    Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 38

17  of this complaint.

18       40.    As described above, Plaintiffs contend that the Option expired according to its

19  terms on November 17, 2011.

20       41.    Pursuant to section 10(b) of the Agreement, the Acquisition Right vests in

21  Plaintiffs immediately upon the expiration of the Option, and continues in effect for two years

22  thereafter.

23       42.    An actual controversy has arisen and now exists between Plaintiffs and

24  Defendants with respect to the scope of the Acquisition Right.

25       43.    More particularly, Plaintiffs contend that pursuant to section 10(b)(1) of the

26  Agreement, the Homestead Property subject to the Acquisition Right includes all real property

27  rights held by any EDP Entity with respect to the real property described on Exhibit B to the

28  Agreement, including any fee ownership, leasehold interests, easements, right-of-way grants,

1    setback waivers, non-disturbance agreements, non-interference agreements, license agreements

2    and any other agreements or grants of rights or interests in real property.

3        44.    Plaintiffs are informed and believe that Rising Tree disagrees with Plaintiffs'

4    characterization of those property rights comprising the Homestead Property subject to the

5    Acquisition Right.

6        45.    A judicial determination is necessary at this time to clarify the parties' respective

7    rights and duties with respect to the Acquisition Right, in that Plaintiffs wish to evaluate their

8    exercise of the Acquisition Right but are unable to do so to the extent that Plaintiffs and

9    Defendants now disagree as to the scope of the Acquisition Right.

10       46.    Plaintiffs request a judicial determination of the parties' respective rights and

11    duties with respect to the Acquisition Right, and a declaration that the Acquisition Right

12    includes all real property interests held by any EDP Entity with respect to the real property

13    described in Exhibit B to the Agreement, including any fee ownership, leasehold interests,

14    easements, right-of-way grants, setback waivers, non-disturbance agreements, non-interference

15    agreements, license agreements and any other agreements or grants of rights or interests in real

16    property.

17                           **THIRD CAUSE OF ACTION**

**For Declaratory Relief as to the Price to Exercise the Acquisition Right**

18       *(By all Plaintiffs against Rising Tree, EDP Renewables, and DOES 1 through 50, inclusive)*

19       47.    Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 46

20    of this complaint

21       48.    An actual controversy has arisen and now exists between Plaintiffs and

22    Defendants with respect to the price of exercising the Acquisition Right.

23       49.    More particularly, Plaintiffs contend that they may exercise the Acquisition Right

24    and purchase the Homestead Property—including any fee ownership, leasehold interests,

25    easements, right-of-way grants, setback waivers, non-disturbance agreements, non-interference

26    agreements, license agreements and any other agreements or grants of rights or interests in real

27    property—by paying Defendants during the first year following the termination of the Option a

28    sum equal to 110% of the actual out-of-pocket price for which the EDP Entities acquired their

1    interests in the Homestead Property.  Because Rising Tree has not complied with Plaintiffs'

2    requests contained in Plaintiffs' January 25, 2012 letter for an inventory of such real property

3    interests and evidence of the EDP Entities' acquisition costs, a judicial determination is

4    necessary at this time to clarify the parties' respective rights and duties with respect to the price

5    to be paid in connection with the Acquisition Right, in that Plaintiffs wish to determine whether

6    to exercise the Acquisition Right but are unable to do because the EDP Entities refuse to

7    disclose the information required to determine the correct acquisition price.

8        50.    Plaintiffs request a judicial determination of the parties' respective rights and

9    duties with respect to the price to be paid in connection with exercising the Acquisition Right.

10                        **FOURTH CAUSE OF ACTION**
     **For Declaratory Relief as to Wind Data and Environmental Studies**
11   *(By all Plaintiffs against Rising Tree, EDP Renewables, and DOES 1 through 50, inclusive)*

12       51.    Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 50

13   of this complaint.

14       52.    Pursuant to section 7(c) of the Agreement, Plaintiffs turned over to Rising Tree

15   certain meteorological data collected for purposes of determining the feasibility of wind energy

16   conversion on the Project Property, including data derived from meteorological towers,

17   anemometers, and related facilities situated upon the Project Property (collectively, the

18   "Owners' Wind Data").

19       53.    Further, Rising Tree was granted, for the duration of the term of the Option, the

20   exclusive use and ownership of the Owners' Wind Data and any wind data derived from

21   meteorological towers, anemometers, and related facilities situated upon the Project Property

22   during the term of the Option, whether installed by or on behalf of Plaintiffs or Defendants (the

23   "Option Term Wind Data" and collectively with the Owners' Wind Data, the "Wind Data"), as

24   well as any environmental studies and reports obtained by Rising Tree with respect to Rising

25   Tree's wind project (the "Environmental Studies").

26       54.    During the term of the Option, Rising Tree was granted the exclusive right to use,

27   and obligation to maintain, the Wind Data and Environmental Studies.

28   ///

55.     Section 7(c) further provides that if the Option is not exercised, then upon the Option's expiration, Plaintiffs are entitled to use, without restriction, the Wind Data and Environmental Studies.

56.     As described above, Plaintiffs contend that the Option expired according to its terms on November 17, 2011.

57.     An actual controversy has arisen and now exists between Plaintiffs and Defendants with respect to the Wind Data and Environmental Studies.

58.     More particularly, Plaintiffs contend that, due to the expiration of the Option, Plaintiffs now have the full and unrestricted right to use the Wind Data and Environmental Studies in any fashion whatsoever.

59.     Plaintiffs are informed and believe that Defendants disagree, and contend that Plaintiffs are presently subject to the limitations on use and disclosure described in section 7(c) of the Agreement, as set forth above in paragraphs 53 and 54 of this complaint.

60.     Moreover, as mentioned above, Plaintiffs' January 25, 2012 letter requested that Rising Tree deliver all such Wind Data and Environmental Studies to Plaintiffs.  To date, Rising Tree has failed to deliver the Wind Data and Environmental Studies to Plaintiffs.

61.     A judicial determination is necessary at this time to clarify the parties' respective rights and duties with respect to the Wind Data and Environmental Studies, in that Plaintiffs wish to freely use the Wind Data and Environmental Studies but are hindered from doing so to the extent that Defendants contend section 7(c) of the Agreement presently places restrictions on Plaintiffs' use of the Wind Data and Environmental Studies.

62.     Plaintiffs request a judicial determination of the parties' respective rights and duties with respect to the Wind Data and Environmental Studies, and a declaration that, due to the expiration of the Option according to its terms, Plaintiffs now enjoy the full and unrestricted right to use the Wind Data and Environmental Studies in any fashion whatsoever.

///

///

///

1

**FIFTH CAUSE OF ACTION**
**For Quiet Title**
*(By Renewable Land against all Defendants)*

2

3       63.     Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 62

4   of this complaint.

5       64.     The Renewable Property was obtained by Renewable Land pursuant to various

6   grant deeds from the Roberts Trust, as to a one-half interest, and from Sean C. Roberts and

7   Nadia Roberts, Co-Trustees of "The Roberts Family Trust" pursuant to amended declaration of

8   trust dated November 23, 2005, as to the remaining one-half interest.  In addition, one parcel of

9   the Renewable Property was obtained pursuant to grant deed from the Winter Trust, Claire C.

10  Winter successor Trustee under Revocable Trust dated December 12, 1986.  The individual

11  parcels comprising the Renewable Property and to which Renewable Land now seeks to quiet

12  title are described more particularly in the following paragraphs.

13      65.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

14  April 20, 2006 and recorded as document number 206102228 in the official records of Kern

15  County, California, Renewable Land is the owner in fee of real property and improvements

16  located in Mojave, California, and more specifically described as follows:

17          The West half of the West half of the Southeast quarter of Section
            35, Township 12 North, Range 13 West, S.B.B.M., in the County
18          of Kern, State of California, according to the Official Plat thereof.

19          Excepting therefrom the North 249 feet thereof.

20          APN: 224-450-25.

21

22      66.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

23  April 20, 2006 and recorded as document number 206102229 in the official records of Kern

24  County, California, Renewable Land is the owner in fee of real property and improvements

25  located in Mojave, California, and more specifically described as follows:

26          The South half of the West half of the East half of the Southwest
            quarter of Fractional Section 35, Township 12 North, Range 13
27          West, San Bernardino Meridian, according to the Official Plat of
            said land on file in the Bureau of Land Management and approved
28          by the Surveyor General on September 19, 1856.

1

2           Also excepting therefrom twenty-five percent (25%) of all oil,
hydrocarbons, minerals (metallic and non-metallic, boron, rare
3           earth, rock, sand, and gravel.  Grantor herein shall not have the
right to enter upon the property but only participation rights in
4           interest in proportion to above interest in the event oil, minerals,
etc. are developed as reserved by Earl W. Dible and Isabel W.
5           Dible, as community property in deed recorded January 13, 1969,
in Book 4231 Page 301 of Official Records.

6

7           APN: 224-450-29.

8      67.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

9  April 20, 2006 and recorded as document number 206102230 in the official records of Kern

10  County, California, Renewable Land is the owner in fee of real property and improvements

11  located in Mojave, California, and more specifically described as follows:

12           The South half of the North half of the Northwest quarter of the
Southeast quarter of the Southeast quarter of Section 35,
13           Township 12 North, Range 13 West, S.B.B.M.

14           Subject to all covenants, conditions, restrictions, reservations,
rights, rights of way, and easements of record.
15

16           APN: 224-450-33.

17      68.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

18  and recorded as document number 206102224 in the official records of Kern County, California,

19  Renewable Land is the owner in fee of real property and improvements located in Mojave,

20  California, and more specifically described as follows:

21           The West one-half of Lots 1 and 2 in the Northwest quarter of
Section 36, Township 12 North, Range 13 West, San Bernardino
22           Meridian, in the unincorporated area of the County of Kern, State
of California, according to the Official Plat of said land approved
23           by the Surveyor General September 19, 1856.

24           The plat of a dependent resurvey of said township was filed in the
District Land Office, February 28, 1940.
25

26           APN: 224-440-01.

27      69.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

28  April 20, 2006 and recorded as document number 206102225 in the official records of Kern

County, California, Renewable Land is the owner in fee of real property and improvements

located in Mojave, California, and more specifically described as follows:

> Lot 2 in the Northeast quarter of Section 36, Township 12 North, Range 13 West, San Bernardino Meridian, according to the Official Plat of said land approved by the Surveyor General September 19, 1856.

> Excepting therefrom one-half of all oil, gas, minerals and other hydrocarbon substances in and under the land above described, as reserved by Hugh F. Newman and Marion L. Newman, husband and wife, in Deed recorded December 10, 1975, in Book 4927, Page 2373 Official Records. The plat of a dependent resurvey of said Township was filed in the District Land Office February 28, 1940.

> APN: 224-440-03.

70.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

April 20, 2006 and recorded as document number 206102226 in the official records of Kern

County, California, Renewable Land is the owner in fee of real property and improvements

located in Mojave, California, and more specifically described as follows:

> Lot 1 in the Northeast quarter of Section 36, Township 12 North, Range 13 West, San Bernardino Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat of said land approved by the Surveyor General on September 19, 1856 and the plate of the Dependent Resurvey of said land on file with the Bureau of Land Management filed February 28, 1940.

> Excepting therefrom the East half of the East half of said Lot 1 as conveyed to Frederick Carlson and Sulma Lee Carlson, husband and wife as joint tenants, in deed recorded March 3, 1970 in Book 4373 Page 987 of Official Records.

> Also excepting therefrom the West half of the West half of said Lot 1, as conveyed to Nicholas C. Theodore and Pauline R. Theodore, husband and wife as joint tenants, in deed recorded June 27, 1972 in Book 4892, Page 551 of Official Records.

> Also excepting therefrom one-half (1/2) of all oil, gas, minerals and other hydrocarbon substances in and under said land as reserved by Hugh F. Newman and Marion L. Newman, husband and wife in deed recorded March 15, 1960 in Book 3248, Page 798, of Official Records.

> APN: 224-440-05.

1    71.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

2   April 20, 2006 and recorded as document number 206102227 in the official records of Kern

3   County, California, Renewable Land is the owner in fee of real property and improvements

4   located in Mojave, California, and more specifically described as follows:

5           The North half of the North half of the Northwest quarter of the
            Southwest quarter of Section 36, Township 12 North, Range 13
6           West, according to the Official Plat thereof.

7           APN: 224-440-08.

8

9    72.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

10   April 20, 2006 and recorded as document number 206102231 in the official records of Kern

11   County, California, Renewable Land is the owner in fee of real property and improvements

12   located at 5910 Rosewood Blvd., Mojave, California, and more specifically described as

13   follows:

14          Lot 17, Section 2, Township 11 North, Range 13 West, S.B.B.M.,
            according to the Official Plat filed in the District Land Office May
15          12, 1960.

16          Except such oil, gas and all other mineral deposits together with
            the rights to prospect for, mine, and remove the same, as were
17          required to be reserved to the United States by the Act of June 1,
            1938 (52 stat. 609) as amended and as reserved in the Patent from
18          the United States to Claire Gleason recorded February 27, 1962 in
            book 3467, Page 73 of Official Records.
19
            APN: 237-121-02.
20

21   73.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

22   April 20, 2006 and recorded as document number 206102248 in the official records of Kern

23   County, California, Renewable Land is the owner in fee of real property and improvements

24   located in Mojave, California, and more specifically described as follows:

25          Lot 22 of Section 2, Township 11 North, Range 13 West, San
            Bernardino Base and Meridian, according to the Official Plat
26          thereof.

27          Excepting therefrom all oil, gas, and other mineral deposits in the
            land so patented, together with the right to prospect for, mine and
28          remove the same according to the provisions of said Act of June 1,
            1938 as excepted and reserved in Patent by the United States of

America recorded January 30, 1961 in Book 3343, Page 995 of Official Records.

APN: 237-121-29.

74.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102223 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

Lot 36 of Section 2, Township 11 North, Range 13 West, San Bernardino Base and Meridian, as per the Official Plat thereof on file in the Office of the Surveyor General.

Excepting therefrom all oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved by the United States of America, in Patent recorded April 19, 1965 in Book 3832, Page 729 of Official Records.

APN: 237-122-14.

75.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

Lot 51 in the North Half of Section 2, Township 11 North, Range 13 West, San Bernardino Meridian, according to the Official Plat thereof.

Excepting therefrom to the United States all oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938 as reserved by the United States of America in Patent recorded January 13, 1961 in book 3338, Page 541 of Official Records.

APN: 237-122-31.

76.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102232 in the official records of Kern

County, California, Renewable Land is the owner in fee of real property and improvements

located at 5916 Center Rd., Mojave, California, and more specifically described as follows:

> The East Half of the Northwest quarter of the Northwest quarter of the Southwest quarter of Section 2, Township 11 North, Range 13 West, San Bernardino Base and Meridian, in the unincorporated area of the County of Kern, State of California, as per the Official Plat thereof on file in the Office of the Surveyor General.

> Excepting therefrom all oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved by the United States of America, in Patent recorded February 8, 1960 in Book 3237, Page 62 of Official Records.

> APN: 237-131-02.

77.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

April 20, 2006 and recorded as document number 206102233 in the official records of Kern

County, California, Renewable Land is the owner in fee of real property and improvements

located in Mojave, California, and more specifically described as follows:

> The West half of the Southeast quarter of the Southeast quarter of the Southeast quarter of Section 2, Township 11 North, Range 13 West, San Bernardino Meridian, in the County of Kern, State of California, according to the Official Plat of said land filed in the District Land Office October 7, 1936.

> Except the North 264 feet.

> Also except therefrom all oil, gas, and other mineral deposits in and under said land together with the right to prospect for, mine and remove the same according to the provisions of said Act of June 1, 1938, as excepted and reserved by the United States of America in Patent recorded February 24, 1960, in Book 3242, Page 151 of Official Records.

> APN: 237-132-29.

78.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

April 20, 2006 and recorded as document number 206102234 in the official records of Kern

County, California, Renewable Land is the owner in fee of real property and improvements

located in Mojave, California, and more specifically described as follows:

The East half of the Southwest quarter of the Southwest quarter of the Southeast quarter of Section 2, Township 11 North, Range 13 West, San Bernardino Meridian.

Except all the oil, gas, and other minerals in the lands so entered and patented, together with the right to prospect for, mine, and remove the same pursuant to the provisions and limitations of the Act of June 1, 1938 (52 Stat. 609), as excepted and reserved in the Patent executed by the United States of America, recorded February 8, 1961, in Book 3347, Page 515, of Official Records.

APN 237-132-34.

79.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102235 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

The North 330 feet of the East 330 feet of the East half of the Southeast quarter of the Northeast quarter of the Southeast quarter of Section 2, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat of the survey of said land filed in the Bureau of Land Management.

Excepting therefrom that portion of said land conveyed by Dorothy Morrow in deed recorded January 12, 1965 in Book 3803, Page 530 of Official Records.

Also except all the coal and other mineral deposits in the lands so entered and patented, together with the right to prospect for, mine, and remove the same pursuant to the provisions and limitations of the Act of June 1, 1938 (52 Stat. 609), as excepted and reserved in the Patent executed by the United States of America recorded January 16, 1961, in Book 3339, Page 85, of Official Records.

APN: 237-132-37.

80.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

The East half of the Northwest quarter of the Northwest quarter of the Northwest quarter, Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.

1

2

3

> Excepting therefrom all oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same pursuant to the provisions of said Act of June 1, 1938, as reserved by deed recorded September 20, 1967 in Book 4090, Page 851 of Official Records.

4

> APN: 237-141-02.

5

6

7

8

9

81.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located at 6901 Encina Ave., Mojave, California, and more specifically described as follows:

10

11

12

> The East half of the Southwest quarter of the Northwest quarter of the Northwest quarter, Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.

13

14

15

> Excepting therefrom all oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of the Act of June 1, 1938 (58 Stat. 609) as reserved by the United States of America in Patent recorded November 28, 1972 in Book 4750, Page 484 of Official Records.

16

> APN: 237-141-15.

17

18

19

20

21

82.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102236 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located at 6515 Douglas Ave., Mojave, California, and more specifically described as follows:

22

23

24

> The East half of the Southeast quarter of the Southeast quarter of the Northwest quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.

25

26

27

> Excepting therefrom all oil, gas, and other mineral deposits, together with the right to prospect for, mine, and remove the same, according to the provisions of the Act of June 1, 1938 (52 Stat. 609) as reserved by the United States of America in Patent Recorded December 7, 1962 in Book 3552, Page 966 of Official Records.

28

> APN: 237-141-25.

83. Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

> The East half of the Northeast quarter of the Northwest quarter of the Northeast quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.
>
> Excepting therefrom all oil, gas, and other minerals as reserved in the Patent recorded July 13, 1960, in Book 3283, Page 553 of Official Records.
>
> APN: 237-142-04[1].

84. Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

> The East half of the Northwest quarter of the Northeast quarter of the Northeast quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.
>
> Excepting therefrom all oil, gas, and other mineral deposits together with the right to prospect for, mine and remove the same according to the provisions of the Act of Congress approved June 1, 1938 (52 Stat. 609) as excepted and reserved in the Patent from the United States of America, recorded April 15, 1960 in Book 3259, Page 332 of Official Records.
>
> APN: 237-142-06[2].

85. Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

---

[1] The Agreement identifies this parcel as APN 237-142-03, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-04.
[2] The Agreement identifies this parcel as APN 237-142-04, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-06.

1
    The East half of the Southeast quarter of the Northwest quarter of
    the Northeast quarter of Section 10, Township 11 North, Range 13
2
    West, San Bernardino Base and Meridian, according to the
    Official Plat thereof.

3
    Excepting therefrom all oil, gas, and other mineral deposits
4
    together with the right to prospect for, mine and remove the same
    as were required to be reserved to the United States by the Act of
5
    June 1, 1938 (52 Stat. 609) as amended and reserved in the Patent
    from the United States to Bernard Miles Clayton, recorded
6
    August 29, 1961 in Book 3410, Page 76 of Official Records.

7
    APN: 237-142-13[3].

8

9       86.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

10  April 20, 2006 and recorded as document number 206102237 in the official records of Kern

11  County, California, Renewable Land is the owner in fee of real property and improvements

12  located at 6171 Encina Ave., Mojave, California, and more specifically described as follows:

13
    The East half of the Southwest quarter of the Northeast quarter of
    the Northeast quarter of Section 10, Township 11 North, Range 13
14
    West, San Bernardino Meridian, according to the Official Plat
    thereof.

15
    Except all oil, gas, and other mineral deposits together with the
16
    right to prospect for, mine, and remove the same as reserved by
    the United States of America in Patent recorded March 22, 1960 in
17
    Book 3251, Page 444 of Official Records.

18
    APN: 237-142-11.

19

20       87.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

21  April 20, 2006 and recorded as document number 206102248 in the official records of Kern

22  County, California, Renewable Land is the owner in fee of real property and improvements

23  located in Mojave, California, and more specifically described as follows:

24
    The West half of the West half of the Northwest quarter of the
    Northeast quarter of the Northeast quarter of Section 10,
25
    Township 11 North, Range 13 West, San Bernardino Base and
    Meridian, according to the Official Plat thereof.

26
    Excepting therefrom all oil, gas, and other mineral deposits
27
    together with the right to prospect for, mine, and remove the same

28

---

[3] The Agreement identifies this parcel as APN 237-142-06, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-13.

according to the provisions of the Act of Congress approved June 1, 1938 (52 stat. 609) as reserved in the Patent recorded March 25, 1960 in Book 3252, Page 864 of Official Records.

APN: 237-142-33[4].

88.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102238 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

The West one-half (1/2) of the Southeast one-quarter (1/4) of the Northwest one-quarter (1/4) of the Southwest one-quarter (1/4) of Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat of the survey on file in the Bureau of Land Management and approved June 19, 1935.

Excepting therefrom the South one-half (1/2) of the East one-half (1/2) of the West one-half (1/2) of the Southeast one-quarter (1/4) of the Northwest one-quarter (1/4) of the Southwest one-quarter (1/4) of said Section 10.

Also excepting therefrom all oil, gas, and other mineral deposits, together with the right to prospect for, mine, and remove the same according to the Provisions of the Act of June 1, 1938 (52 Stat. 609) as reserved by the United States of America in Patent recorded October 26, 1961 in Book 3428, Page 365 of Official Records.

APN: 237-151-14[5].

89.     Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102239 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

The West half of the Northwest quarter of the Southeast quarter of the Northeast quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Meridian.

---

[4] The Agreement identifies this parcel as APN 237-142-13, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-33.
[5] The Agreement identifies this parcel as APN 237-142-14, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-151-14.

1
2
3
4

> Except all the oil, gas, and other minerals in the lands so entered and patented, together with the right to prospect for, mine, and remove the same pursuant to the provisions and limitations of the Act of June 1, 1938 (39 Stat. 862), as excepted and reserved in the Patent executed by the United States of America, recorded April 20, 1960, in Book 3260, Page 585 of Official Records.
>
> APN: 237-142-21.

5
6    90.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

7    April 20, 2006 and recorded as document number 206102248 in the official records of Kern

8    County, California, Renewable Land is the owner in fee of real property and improvements

9    located in Mojave, California, and more specifically described as follows:

10
11
12

> The West half of the Northeast quarter of the Northwest quarter of the Northeast quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Meridian, according to the Official Plat thereof.
>
> Excepting therefrom all oil, gas, and other mineral deposits in said land, together with the right to prospect for, mine, and remove the same according to the provisions of the Act of June 1, 1938 and as reserved by the United States in the Patent recorded November 17, 1972, in Book 4747, Page 619 of Official Records.
>
> APN: 237-142-03[6].

13
14
15
16

17    91.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

18    April 20, 2006 and recorded as document number 206102248 in the official records of Kern

19    County, California, Renewable Land is the owner in fee of real property and improvements

20    located in Mojave, California, and more specifically described as follows:

21
22
23

> The West half of the Southwest quarter of the Southwest quarter of the Northeast quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.
>
> Excepting therefrom to the United States all oil, gas, and other mineral deposits in the land so patented, together with the right to prospect for, mine, and remove the same according to the provisions of the Act of Congress approved June 1, 1938 as reserved in Patent recorded June 29, 1990 in Book 6400, Page 2369 of Official Records.
>
> APN: 237-142-32[7].

24
25
26
27

28

---

[6] The Agreement identifies this parcel as APN 237-142-32, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-03.

92. Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102238 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

> The West one-half (1/2) of the Southeast one-quarter (1/4) of the Northwest one-quarter (1/4) of the Northeast one-quarter (1/4) of Section 10, Township 11 North, Range 13 West, San Bernardino Base and Meridian, according to the Official Plat thereof.
>
> Excepting therefrom all oil, gas, and other mineral deposits, together with the right to prospect for, mine, and remove the same according to the provisions of the Act of June 1, 1938 (52 Stat. 609) as reserved by the United States of America in Patent recorded June 27, 1962 in Book 3504, Page 82 of Official Records.
>
> APN: 237-142-14[8].

93. Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102248 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

> The East half of the Southwest quarter of the Northwest quarter of the Southwest quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Meridian, according to the Official Plat of said land.
>
> Excepting therefrom all oil, gas, and other mineral deposits together with the right to prospect for, mine, and remove the same according to the provisions of the Act of Congress approved June 1, 1938 as reserved by the United States of America in Patent recorded May 7, 1990 in Book 6379, Page 2486 of Official Records.
>
> APN: 237-151-15.

94. Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated April 20, 2006 and recorded as document number 206102240 in the official records of Kern

---

[7] The Agreement identifies this parcel as APN 237-142-33, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-32.

[8] The Agreement identifies this parcel as APN 237-151-14, but the legal description provided in the Agreement indicates that the correct parcel is APN 237-142-14.

1   County, California, Renewable Land is the owner in fee of real property and improvements

2   located in Mojave, California, and more specifically described as follows:

> The West half of the Southeast quarter of the Southeast quarter of
> the Southwest quarter of Section 10, Township 11 North, Range
> 13 West, San Bernardino Base and Meridian, according to the
> Official Plat thereof.
>
> APN: 237-151-26.

7   95.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

8   April 20, 2006 and recorded as document number 206102241 in the official records of Kern

9   County, California, Renewable Land is the owner in fee of real property and improvements

10   located in Mojave, California, and more specifically described as follows:

> The East half of the Northwest quarter of the Northeast quarter of
> the Southeast quarter of Section 10, Township 11 North, Range 13
> West, San Bernardino Meridian.
>
> Except all the oil, gas, and other minerals in the lands so entered
> and patented, together with the right to prospect for, mine, and
> remove the same pursuant to the provisions and limitations of the
> Act of June 1, 1938 (52 Stat. 609), as excepted and reserved in the
> Patent executed by the United States of America, recorded April 5,
> 1960 in Book 3256, Page 18 of Official Records.
>
> APN: 237-152-06.

18   96.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

19   April 20, 2006 and recorded as document number 206102242 in the official records of Kern

20   County, California, Renewable Land is the owner in fee of real property and improvements

21   located in Mojave, California, and more specifically described as follows:

> The East half of the Southeast quarter of the Southeast quarter of
> the Southeast quarter of Section 10, Township 11 North, Range 13
> West, San Bernardino Meridian, according to the Official Plat
> thereof.
>
> Except all oil, gas, and mineral deposits in the land so patented,
> together with the right to prospect for, mine, and remove the same
> according to the provisions of said Act of June 1, 1938 as
> excepted and reserved by the United States of America in Patent
> recorded November 23, 1960 in Book 3323, Page 611 of Official
> Records.
>
> APN: 237-152-25.

1      97.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

2  April 20, 2006 and recorded as document number 206102244 in the official records of Kern

3  County, California, Renewable Land is the owner in fee of real property and improvements

4  located in Mojave, California, and more specifically described as follows:

5              The East half of the Southeast Quarter of the Southwest Quarter of
              the Southeast Quarter of Section 10, Township 11 North, Range
6              13 West, according to the Official Plat of said land, on file in the
              Bureau of Land Management.

7

8              Excepting therefrom all oil, gas, and other mineral deposits,
              together with the right to prospect for, mine, and remove the same
              according to the provisions of the Act of Congress, approved June
9              1, 1938 (52 Stat. 609), as reserved to the United States in the
              Patent recorded December 30, 1959 in Book 3224, Page 620 of
10             Official Records.

11             APN: 237-152-29.

12

13     98.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

14  April 20, 2006 and recorded as document number 206102246 in the official records of Kern

15  County, California, Renewable Land is the owner in fee of real property and improvements

16  located in Mojave, California, and more specifically described as follows:

17             The Southwest quarter of the Northwest quarter of the Southwest
              quarter of the Northeast quarter, exclusive of fifty percent (50%)
18             interest mineral rights Section 11, Township 11 North, Range 13
              West, San Bernardino Base and Meridian.

19

20             Subject to any mineral reservations of record.

21             APN: 237-285-10.

22     99.    Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

23  April 20, 2006 and recorded as document number 206102247 in the official records of Kern

24  County, California, Renewable Land is the owner in fee of real property and improvements

25  located in Mojave, California, and more specifically described as follows:

26             The Southeast quarter of the Northwest quarter of the Southwest
              quarter of the Northeast quarter, and those portions of the
27             Southwest quarter of the Northeast quarter of the Southwest
              quarter of the Northeast quarter, and the Northeast quarter of the
28             Southwest quarter of the Southwest quarter of the Northeast
              quarter of Section 11, Township 11 North, Range 13 West, San

1
2
3

Bernardino Base and Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof, lying Westerly of the West line of the Los Angeles Aqueduct as described in deed recorded March 15, 1967 in Book 4034 Page 437 Official Records.

4
5
6

Excepting therefrom all oil, gas, minerals and other hydrocarbon substances within or underlying said land as reserved by M & R Sheep Company, a co-partnership composed of G. Mendiburu and Oscar Rudnick in deed recorded November 22, 1955 in Book 2519, Page 283, of Official Records.

7

APN: 237-285-11.

8

9   100.   Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

10   April 20, 2006 and recorded as document number 206102248 in the official records of Kern

11   County, California, Renewable Land is the owner in fee of real property and improvements

12   located in Mojave, California, and more specifically described as follows:

13
14

The Northwest quarter of the Northwest quarter of Section 15, Township 11 North, Range 13 West, San Bernardino Meridian, approved by the Surveyor General September 18, 1956.

15
16
17

Excepting therefrom one-half of all oil, gas and minerals and hydrocarbon substances under and in said land as reserved by M & R Sheep Co., in deed dated August 4, 1955, recorded November 22, 1955, in Book 2519, Page 289 of Official Records.

18
19
20

Also excepting therefrom all oil, gas, and other hydrocarbon substances and minerals in and under said land not previously excepted or reserved as reserved by Benjamin Winter, a married man, in deed recorded December 31, 1986, in Book 5954, Page 2182 of Official Records.

21

AND

22
23

The Northwest quarter of the Southwest quarter of Section 15, Township 11 North, Range 13 West, San Bernardino Meridian, approved by the Surveyor General September 18, 1956.

24
25

Excepting therefrom one-half of all oil, gas and minerals and hydrocarbon substances in and under said land as reserved by M & R Sheep Co., in deed dated August 4, 1955, recorded November 22, 1955, in Book 2519, Page 289 of Official Records.

26
27
28

Also excepting therefrom all oil, gas, and other hydrocarbon substances and minerals in and under said land not previously excepted or reserved as reserved by Benjamin Winter, a married man, in deed recorded December 31, 1986, in Book 5954, Page 2182 of Official Records.

1  AND

2  The Southwest quarter of the Northwest quarter of Section 15,
   Township 11 North, Range 13 West, San Bernardino Meridian,
3  approved by the Surveyor General September 18, 1956.

4  Excepting therefrom one-half (1/2) of all oil, gas and minerals and
   hydrocarbon substances in and under said land as reserved by M
5  & R Sheep Co., in deed dated August 4, 1955, recorded November
   22, 1955, in Book 2519, Page 289 of Official Records.
6
   Also excepting therefrom all oil, gas and other hydrocarbon
7  substances and minerals in and under said land not previously
   excepted or reserved as reserved by Benjamin Winter, a married
8  man, in deed recorded December 31, 1986, in Book 5954, Page
   2182 of Official Records.
9
   APN: 237-185-01.
10

11  101.  Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

12  April 20, 2006 and recorded as document number 206102245 in the official records of Kern

13  County, California, Renewable Land is the owner in fee of real property and improvements

14  located in Mojave, California, and more specifically described as follows:

15  The Northeast quarter of the Northwest quarter of Section 15,
    Township 11 North, Range 13 West, San Bernardino Base and
16  Meridian, as per the Official Plat thereof on file in the Office of
    the Surveyor General, approved October 7, 1936.
17
    Excepting therefrom half of all oil, gas and minerals and
18  hydrocarbon substances as reserved by M & R Sheep Company, in
    deed dated August 4, 1955, and recorded November 22, 1955, in
19  Book 2519, Page 289 of Official Records.

20  APN: 237-185-02.

21

22  102.  Pursuant to a grant deed from the Roberts Trust and Roberts Family Trust, dated

23  April 20, 2006 and recorded as document number 206102243 in the official records of Kern

24  County, California, Renewable Land is the owner in fee of real property and improvements

25  located in Mojave, California, and more specifically described as follows:

26  The Northeast quarter of the Southeast quarter of the Northwest
    quarter of Section 15, Township 11 North, Range 13 West, San
27  Bernardino Base and Meridian, as per the Official Plat thereof on
    file in the Office of the Surveyor General, approved October 7,
28  1936.

> Excepting therefrom half of all oil, gas and minerals and hydrocarbon substances as reserved by M & R Sheep Company, in deed dated August 4, 1955 and recorded November 22, 1955 in Book 2519, Page 289 of Official Records.
>
> APN: 237-185-04.

103.    Pursuant to a grant deed from the Winter Trust, Claire C. Winter successor Trustee under Revocable Trust dated December 12, 1986, which grant deed is dated January 10, 2006 and recorded as document number 206025151 in the official records of Kern County, California, Renewable Land is the owner in fee of real property and improvements located in Mojave, California, and more specifically described as follows:

> The East half of the East half of Section 9, Township 11 North, Range 13 West, San Bernardino Base and Meridian, in the unincorporated area of the County of Kern, State of California, as per the Official Plat thereof on file in the Office of the Surveyor General, approved September 19, 1856.
>
> Excepting therefrom one half of all oil, gas and other hydrocarbon substances and minerals in and under said land, as excepted in deed dated December 1, 1955 from M & R Sheep Company, recorded March 22, 1956, in Book 2581, Page 233 of Official Records.
>
> Except therefrom all remaining oil, gas, minerals and hydrocarbon substances in and under said land with no right of entry upon the surface thereon, together with all rents, issues and profits therefrom, which the Grantors reserve unto themselves, their heirs, successors and assigns.
>
> APN: 237-022-13.

104.    Renewable Land seeks to quiet title to the above-described parcels comprising the Renewable Property as of November 17, 2011—the date of expiration of the Option.

### SIXTH CAUSE OF ACTION
#### For Quiet Title
*(By Roberts Trust against all Defendants)*

105.    Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 104 of this complaint.

106.    The Trust Property was obtained by the Roberts Trust pursuant to various grant deeds from Sean Garriff Roberts. The individual parcels comprising the Trust Property and to

1  which the Roberts Trust seeks to quiet title are described more particularly in the following

2  paragraphs.

3     107.   Pursuant to a grant deed from Sean Garriff Roberts, dated January 30, 2006 and

4  recorded as document number 206044574 in the official records of Kern County, California, the

5  Roberts Trust is the owner in fee of real property and improvements located in Mojave,

6  California, and more specifically described as follows:

> The East one-half (1/2) of the Southeast one-quarter (1/4) of the Southwest one-quarter (1/4) of the Southwest one-quarter (1/4) of Section 10, Township 11 North, Range 13 West, according to the Official Plat thereof.
>
> Except all oil, gas and other mineral deposits in the land so patented together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938.
>
> APN: 237-151-29.

13    108.   Pursuant to a grant deed from Sean Garriff Roberts, dated April 4, 2008 and

14  recorded as document number 208072620 in the official records of Kern County, California, the

15  Roberts Trust is the owner in fee of real property and improvements located at 6857 Anjanette

16  Ave., Mojave, California, and more specifically described as follows:

> The West one-half of the Southeast Quarter of the Southwest Quarter of the Southwest Quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Meridian, in the unincorporated area of the County of Kern, State of California, according to the Official Plat thereof.
>
> APN: 237-151-30.

22    109.   Pursuant to a grant deed from Sean Garriff Roberts, dated April 4, 2008 and

23  recorded as document number 208072621 in the official records of Kern County, California, the

24  Roberts Trust is the owner in fee of real property and improvements located at 6911 Anjanette

25  Ave., Mojave, California, and more specifically described as follows:

> The East half of the Southwest quarter of the Southwest quarter of the Southwest quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Meridian, according to the Official Plat thereof.

1         Except all oil and other mineral deposits in and under said land, together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved in Patent from the United States of America recorded April 1, 1960 in Book 3255, Page 69 of Official Records.

2

3

4         APN: 237-151-31.

5

6    110.   Pursuant to a grant deed from Sean Garriff Roberts, dated January 30, 2006 and

7    recorded as document number 206044577 in the official records of Kern County, California, the

8    Roberts Trust is the owner in fee of real property and improvements located at 6821 Anthony

9    Ave., Mojave, California, and more specifically described as follows:

10        The South half of the East half of the West half of the Southeast quarter of the Northwest quarter of the Southwest quarter of Section 10, Township 11 North, Range 13 West, San Bernardino Meridian, in the unincorporated area, County of Kern, State of California, according to the Official Plat thereof.

11

12

13        Except all oil, gas and other mineral deposits in said land together with the right to prospect for, mine, and remove the same according to the provisions of said Act of June 1, 1938, as reserved in U.S. Patent recorded October 26, 1961 in Book 3428, Page 365 of Official Records.

14

15

16        Subject to all covenants, conditions, restrictions, reservations, rights, rights of way, agreements, acknowledgements, consents, and easements of record, including, but not limited to, certain reservations, easements, acknowledgements, and consents as set forth in the deed recorded on May 6, 2005, as Document No. 0205116435 of Kern County Official Records.

17

18

19

20        APN: 237-151-33.

21   111.   Pursuant to a grant deed from Sean Garriff Roberts, dated March 9, 2006 and

22   recorded as document number 206069308 in the official records of Kern County, California, the

23   Roberts Trust is the owner in fee of real property and improvements located in Mojave,

24   California, and more specifically described as follows:

25        The East half of the Northeast quarter of Section 16, Township 11 North, Range 13 West, San Bernardino Meridian, according to the Official Plat of said land approved by the Surveyor General September 19, 1856.

26

27

28        Excepting therefrom said land an undivided one-sixteenth (1/16th) of all coal, oil, shale, gas, phosphate, sodium and other mineral deposits in said land as reserved to the State of California, by the

provision of an Act of the Legislation, Statutes of 1921, Page 404 and amendments thereto.

Also excepting therefrom one-half of all oil, hydrocarbons and similar minerals but without the right of entry to depth of 500 feet from the surface thereon in and to the property, as granted to J.J. Kessler, a married man, in deed recorded August 23, 1956, in Book 2654, Page 300 of Official Records.

APN: 237-031-08[9].

112. The Roberts Trust seeks to quiet title to the above-described parcels comprising the Trust Property as of November 17, 2011—the date of expiration of the Option.

### SEVENTH CAUSE OF ACTION
### For Breach of Contract
*(By all Plaintiffs against Rising Tree, EDP Renewables, and DOES 1 through 50, inclusive)*

113. Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through 112 of this complaint.

114. The parties entered into the Agreement, which was a valid and enforceable contract.

115. Plaintiffs performed all of their obligations under the Agreement or were excused from nonperformance by Rising Tree's conduct.

116. During the term of the Option, Rising Tree was granted the exclusive right to use, and obligation to maintain, the Wind Data and Environmental Studies, pursuant to section 7(c) of the Agreement as described above in paragraphs 53 and 54 of this complaint.

117. Because the Option expired according to its terms on November 17, 2011, Plaintiffs are now entitled to use, without restriction, the Wind Data and Environmental Studies.

118. Plaintiffs have demanded in their January 25, 2012 letter that Defendants turn over copies of the Wind Data and Environmental Studies for Plaintiffs' use, but Defendants have refused to do so and have thus breached the Agreement.

119. The Wind Data and Environmental Studies have been collected and prepared over the course of several years through the use of specialized monitoring equipment, and cannot be replaced, re-created, or otherwise obtained from alternate sources. Plaintiffs have no

---

[9] The Agreement identifies this parcel as APN 234-031-08, but no such parcel exists. The legal description provided in the Agreement indicates that the correct parcel is APN 237-031-08.

1   adequate remedy at law because monetary damages cannot be calculated with any reasonable

2   precision, and would in any event be inadequate to compensate Plaintiffs for the deprivation of

3   the Wind Data and Environmental Studies.

4           120.    Plaintiffs have substantially performed under the Agreement, and remain ready

5   and willing to receive the Wind Data and Environmental Studies.

6                               **EIGHTH CAUSE OF ACTION**

    **For Breach of Implied Covenant of Good Faith and Fair Dealing**
7   *(By all Plaintiffs against Rising Tree, EDP Renewables, and DOES 1 through 50, inclusive)*

8           121.    Plaintiffs repeat and reallege, as if fully set forth herein, paragraphs 1 through

9   120 of this complaint.

10          122.    The Acquisition Right vested in Plaintiffs immediately upon the expiration of the

11  Option on November 17, 2011.

12          123.    Approximately two months later, on January 25, 2012, Plaintiffs demanded that

13  Defendants provide evidence of their ownership and/or control of the Homestead Property,

14  along with evidence of their costs incurred in acquiring the Homestead Property.  Defendants

15  have failed and refused to do so despite such demand.

16          124.    By way of such failure, Defendants have prevented Plaintiffs from evaluating

17  their Acquisition Right.  Defendants have thus breached the covenant of good faith and fair

18  dealing implied in the Agreement to the extent that such failure has prevented Plaintiffs from

19  obtaining all of the benefits contemplated by the parties in entering into the Agreement.

20          125.    Plaintiffs have substantially performed under the Agreement, and remain ready

21  and willing to receive evidence of Defendants' ownership and/or control of the Homestead

22  Property, along with evidence of their costs incurred in acquiring the Homestead Property.

23                                      **PRAYER**

24          WHEREFORE, Plaintiffs pray for relief as follows:

25  **As to the First Cause of Action**

26          A.      For a judicial determination of the respective rights and duties, if any, of

27  Plaintiffs and Defendants under the Agreement—particularly, with respect to the Option; and

28  ///

1       B.     For a judicial declaration that the Option expired pursuant to its terms on

2  November 17, 2011, and is of no continuing force or effectiveness.

3  **As to the Second Cause of Action**

4       C.     For a judicial determination of the parties' respective rights and duties with

5  respect to the Acquisition Right; and

6       D.     For a declaration that the EDP Entities' interests in the Homestead Property

7  subject to the Acquisition Right include any fee ownership, leasehold interests, easements,

8  right-of-way grants, setback waivers, non-disturbance agreements, non-interference agreements,

9  license agreements and any other agreements or grants of rights or interests in real property.

10  **As to the Third Cause of Action**

11       E.     For a judicial determination and declaration that Plaintiffs may exercise the

12  Acquisition Right and purchase all of the EDP Entities' interests in the Homestead Property—

13  inclusive of any fee ownership, leasehold interests, easements, right-of-way grants, setback

14  waivers, non-disturbance agreements, non-interference agreements, license agreements and any

15  other agreements or grants of rights or interests in real property—by paying Defendants an

16  amount equal to 110% of the applicable EDP Entities' out-of-pocket third-party acquisition costs

17  for such real property interests.

18  **As to the Fourth Cause of Action**

19       F.     For a judicial determination of the parties' respective rights and duties with

20  respect to the Wind Data and Environmental Studies; and

21       G.     For a declaration that, due to the expiration of the Option according to its terms,

22  Plaintiffs now enjoy the full and unrestricted right to use the Wind Data and Environmental

23  Studies in any fashion whatsoever.

24  **As to the Fifth Cause of Action**

25       H.     For judgment quieting Renewable Land's fee simple title to the Renewable

26  Property and establishing that Defendants have no right, title, or interest in or to the Renewable

27  Property.

28  ///

**As to the Sixth Cause of Action**

I.      For judgment quieting the Roberts Trust's fee simple title to the Trust Property and establishing that Defendants have no right, title, or interest in or to the Trust Property.

**As to the Seventh Cause of Action**

J.      For an Order directing Defendants to provide Renewable Land with copies of the Wind Data and Environmental Studies.

**As to the Eighth Cause of Action**

K.      For an Order directing Defendants to provide Plaintiffs with evidence of Defendants' ownership and/or control of the Homestead Property, along with evidence of their costs incurred in acquiring the Homestead Property.

**As to All Causes of Action**

L.      For reasonable expenses and costs of suit incurred; and

M.      For such other and further relief as the Court deems just and proper.


Date: April 30, 2012                                      KLEIN, DeNATALE, GOLDNER,
                                                          COOPER, ROSENLIEB & KIMBALL, LLP


                                                          By:_____
                                                          Thomas V. DeNatale, Jr.
                                                          Attorneys for Plaintiffs

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF KERN

I have read the foregoing **VERIFIED COMPLAINT FOR: 1) Declaratory Relief; 2) Declaratory Relief; 3) Declaratory Relief; 4) Declaratory Relief; 5) Quiet Title; 6) Quiet Title; 7) Breach of Contract; and 8) Breach of Implied Covenant of Good Faith and Fair Dealing** and know its contents.

I am a Member of RENEWABLE LAND, LLC, a party to this action. The matters stated in the foregoing pleading are true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 27, 2012, at _Little Rock, AR_.

Sean Garriff Roberts

1

**VERIFICATION**

2    STATE OF CALIFORNIA. COUNTY OF KERN

3         I have read the foregoing **VERIFIED COMPLAINT FOR: 1) Declaratory Relief;**

4    **2) Declaratory Relief; 3) Declaratory Relief; 4) Declaratory Relief; 5) Quiet Title; 6) Quiet**

5    **Title; 7) Breach of Contract; and 8) Breach of Implied Covenant of Good Faith and Fair**

6    **Dealing** and know its contents.

7         I am Trustee of the SEAN GARRIFF ROBERTS 2005 TRUST dba ROBERTS

8    INVESTMENTS. a party to this action. The matters stated in the foregoing pleading are true of

9    my own knowledge except as to those matters stated on information and belief, and as to those

10   matters I believe them to be true.

11        I declare under penalty of perjury under the laws of the State of California that the

12   foregoing is true and correct.

13        Executed on April 27, 2012, at ___Little Rock, AR___.

14

15

16                                        Sean Garriff Roberts

17

18

19

20

21

22

23

24

25

26

27

28

Verified Complaint.doc                    38                              COMPLAINT