UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

|  |  |
|---|---|
| RENEWABLE LAND, LLC, a California limited liability company; SEAN GARRIFF ROBERTS, an individual and Trustee of the SEAN GARRIFF ROBERTS 2005 TRUST dba ROBERTS INVESTMENTS, a California trust; and RENEWABLE MANAGEMENT CORPORATION, a California corporation<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>RISING TREE WIND FARM, LLC, a Delaware limited liability company; EDP RENEWABLES NORTH AMERICA, LLC, a Delaware limited liability company; et al.<br><br>　　　　　Defendant(s).<br><br>And Related Counterclaims | CV 12-0809 RT<br><br>ORDER GRANTING IN PART AND DENYING IN PART COUNTERDEFENDANTS' MOTION TO DISMISS WITH PREJUDICE COUNTERCLAIMANT RISING TREE COUNTERCLAIMS UNDER RULE 12(B)(6) |

　　　　The court, Judge Robert J. Timlin, has read and considered Plaintiffs-Counterdefendants Renewable Land, LLC; Sean Garriff Roberts; and Renewable Management Corporation's

("Counterdefendants") Motion to Dismiss the Counterclaims of Counterclaimant Rising Tree Wind Farm LLC ("Counterclaimant" or "Rising Tree").  The court, having read and considered all papers submitted pertaining to this Motion and having considered all arguments presented to the court, the court now finds and  rules as follows:

**I.    LEGAL STANDARD**

Under Federal Rules of Civil Procedure, Rule 12(b)(6), a dismissal can be based on a lack of cognizable legal theory or a lack of sufficient facts alleged under a cognizable legal theory.  Fed. R. Civ. P. 12(b)(6); *see also Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "When ruling on a 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff.  The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them."  *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

Unless a district court chooses to convert a motion to dismiss to one for summary judgment, it cannot consider evidence outside the complaint.  *See Levine v. Diamanthuset*, 950 F.2d 1478, 1482 (9th Cir. 1991).

**II.    DISCUSSION**

   **A.    OPTION CONTRACTS UNDER CALIFORNIA LAW[1]**

The counterclaims in this case arise out of an option agreement between the parties, wherein Counterdefendants granted Rising Tree an option to purchase 1,000 acres of property for a wind farm.  The term of the agreement was defined as seven years– five years for a "base option term," plus two years for an "extended option term."  Counterclaim §§16-18.

---

[1] Because this case was removed to federal court from California state court on the basis of diversity jurisdiction, this court applies California substantive law. *Intel Corp. v. Hartford Acc. & Indem. Co.*, 952 F.2d 1551, 1556 (9th Cir. 1991).

An option is an irrevocable offer. *Simons v. Young*, 93 Cal.App.3d 170, 180, 155 Cal.Rptr. 460, 466 (Cal.App. 1979) ("an option . . . constitutes an irrevocable offer that can be converted into an enforceable contract only by acceptance on the terms specified in the offer."). Like an offer, an option may be accepted or exercised only in strict compliance with its terms, and the optionor can prescribe any mode of acceptance he pleases. 1 Corbin on Contracts § 264 (1963). The strict compliance rule of options was developed because in an option transaction an optionor is bound while the optionee is free to accept or reject as he chooses. *Simons*, 155 Cal.Rptr. at 467. An optionee buys a right, and with that right, the optionee has the burden to "make a sufficient tender or offer of performance and to make this to the [optionor] within the time named." *Bourdieu v. Baker*, 6 Cal.App.2d 150, 161, 44 P.2d 587, 591 (Cal.App. 1935). An option may require that it be exercised by timely notice of intent to exercise or by actual tender of payment or some other performance. *Riverside Fence Co. v. Novak*, 273 Cal.App.2d 656, 660-61, 78 Cal. Rptr. 536, 539 (1969). In either case, "courts are strict in holding an optionee to exact compliance with the terms of the option," *Simons*, 155 Cal.Rptr. at 468, and options are strictly construed, *Cummings v. Bullock*, 367 F.2d 182 183 (9th Cir. 1966). Unless an option is properly exercised within the time specified, it expires and the optionee loses any rights it may have had under the option. *Simons*, 155 Cal.Rptr. at 468. Failure to strictly comply with the option terms may be excused only if there is a waiver by the optionor or evidence of conduct which might estop the optionor from insisting on strict compliance with the option. *See, e.g., Riverside Fence Co.*, 78 Cal.Rptr. at 590 ("[o]ptionor's evasion or prevention of exercise of the option may excuse tender of performance and other conditions precedent to acceptance."). Conduct which excuses delay by the optionee is generally limited to fraud, evasion, acceptance of a nonconforming tender, or other conduct by the optionor calculated to frustrate effective exercise of the option; however, "when the failure to timely exercise the option is due entirely to the inadvertence or neglect of the optionee to which the optionor in no way contributed," a court may not grant equitable relief. *Simons*, 155 Cal.Rptr. at 470.

**B. COUNTERCLAIMS FOR BREACH OF CONTRACT AND DEPENDENT CLAIMS**

Counterdefendants argue that Counterclaimants' counterclaim for breach of contract and the dependent counterclaims for declaratory relief[2], specific performance, and breach of the implied covenant of good faith and fair dealing should be dismissed because the Counterclaim does not state sufficient facts alleging that the Counterclaimant properly exercised its option to extend the agreement for an additional two years, and thus the option agreement expired and Counterclaimant lost the rights it had under the option.  The parties agree that, under the option agreement, Counterclaimant Rising Tree Wind Farm LLC needed to provide written notice of its intent to exercise its right to extend the contract for an additional two years by October 18, 2011, and that notice had to be given to Counterdefendants by specific means (delivered personally or by "telefacsimile").  However, Counterdefendants argue that Counterclaimant has not and cannot allege that written notice was provided on or before that date.  In its Opposition, Counterclaimant points out that its counterclaim states that, among other forms of notice, Counterclaimant gave written notice of its intent to extend the option agreement on or before October 17, 2011. *See* Counterclaim ¶ 24 ("On or before October 17, 2011, Rising Tree provided notice (by its words, writings, and/or [sic] course of conduct) to Counterdefendants of Rising Tree's intent to enjoy its full rights under the Option Agreement, including, but not limited to, in sum and substance, its right to extend the Base Option Term.").

Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).  *See Twombly*, 550 U.S. at 1965 (internal citations omitted); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002).  Based on the factual allegation in Paragraph 24 of the Counterclaim, the court finds Counterclaimant has not pled sufficient facts to raise its right to relief on the breach of contract claim and the other dependent claims above the speculative level and to support its allegation that the option to renew the agreement for two additional years was exercised and a

---

[2] The first cause of action for declaratory relief in the Counterclaim contains a request for a court declaration that, *inter alia*, "Rising Tree extended the Base Option term, that the Option Agreement is in full force and effect, and that the Term of the Option Agreement expires on November 17, 2013." *See* Counterclaim § 36(a). It also alleges that "Rising Tree properly extended the Base Option Term, that the Option Agreement is in full force and effect, and that the Term of the Option Agreement expires on November 17, 2013." *Id.*

contract was formed.  Because an option may be accepted or exercised only in strict compliance with its terms, Counterclaimant must plead facts with sufficient specificity that it complied with the terms of the contract in exercising the option.  The court finds the vague allegation that Counterclaimant provided notice "by its words, writings, and/or or [sic] course of conduct" is insufficient to allege that it complied with the terms of the option agreement in providing notice that it was extending the term of the contract.   The court will grant the motion to dismiss on the breach of contract claim with leave to amend.

C.  **EQUITABLE COUNTERCLAIMS**

Counterclaimants also claim, in the alternative, that it is entitled to declaratory relief because "Counterdefendants have waived and/or are estopped from enforcing the provisions of Section 3(c) of the Option Agreement."  Further, Counterclaimant claims that "Rising Tree is entitled to be relieved from any forfeiture by reason of any failure to provide notice in compliance with Section 3(c)(1) of the Option Agreement."  Counterdefendants argue in their Motion to Dismiss that these claims also fail for various reasons.  The court addresses each claim for equitable relief in turn.

### 1. Declaratory Relief Based on Forfeiture

In their first claim for declaratory relief, Counterclaimants allege that, pursuant to California Civil Code section 3275, Rising Tree is entitled to be relieved from any forfeiture. Counterdefendants contend in their Motion to Dismiss that relief from forfeiture under California's forfeiture statute, Civil Code section 3275, is unavailable as a matter of law because it does not apply to relieve an optionee of the consequences of its failure to abide by the terms of an agreement.

California courts have long held that relief from forfeiture under Civil Code Section 3275 has no applicability to option contracts.  *See Bekins Moving & Storage Co. v. Prudential Ins. Co. Of America*, 176 Cal.App. 3d 245, 253-54, 221 Cal. Rptr. 738 (1985) ("In order for there to be a 'forfeiture' there must be some right or vested interest involved."); *see also Simons*, 93 Cal.App.3d at 185 ("We conclude that Civil Code section 3275 has no applicability to the failure of a lessee-optionee to exercise the option to renew his lease within the time agreed upon by the parties and specified in his lease.").  However, in *Holiday Inns of America, Inc. v. Knight*, 70 Cal.2d 327 (1969), the Supreme Court of California found that plaintiffs were entitled to relief from forfeiture

under Section 3275, where the contract gave an option to plaintiffs to purchase realty and provided for payment of $10,000 and for four additional payments of $10,000 on July 1 of each year. The contract further provided that failure to make a payment on or before the prescribed date would automatically cancel the option without further notice. The plaintiffs made the initial payment of $10,000 and annual installments for two years were paid; however, they tendered their fourth payment in an untimely fashion and the defendant contended the agreement had terminated pursuant to the cancellation provision.

The California Supreme Court distinguished this factual circumstance from the prior cases disallowing forfeiture which "dealt with the time within which an option must be exercised and correctly held that such time cannot be extended beyond that provided in the contract," by stating that "plaintiffs are not seeking to extend the period during which the option can be exercised but only to secure relief from the provision making time of the essence in tendering annual payments." *Holiday Inns*, 70 Cal. 2d at 330-31. The Court found that, under the particular language of this agreement, "it is clear that each payment of the $10,000 installment was partially for an option to buy the land during that year and partially for a renewal of the option for another year up to a total of five years. *With the passage of time, plaintiffs have paid more and more for the right to renew, and it is this right that would be forfeited by requiring payment strictly on time*." *See id.* at 331. (emphasis added).

This court must "consider the nature of the contract and the specific clause in question" to determine whether it falls within the exception carved out by *Holiday Inns* to the general proscription against forfeiture in option contract cases. It finds that it does not. While Counterclaimants contend that the Supreme Court in *Holiday Inns* distinguished the contract at issue on the ground that it pertained to the right to exercise the option in the future, and not the actual exercise of the option, the court disagrees and finds that it was the peculiar structure of payments in that case which led to the outcome. Because the exercise of the right of renewal depended on five installment payments, the court found that the plaintiffs had already paid some of their consideration for a right to renew, and would lose that. The option period in the contract at issue was five years, with five yearly installment payments. Here, the contract at issue is a classic option contract, with an

option period of five years, which would automatically expire after five years unless Rising Tree exercised its option at the end of that five year period to extend the base option term for two years. Rising Tree had not paid incrementally towards its right to exercise its option through installment payments throughout the initial five year period. Therefore, the court finds that a claim under Section 3275 for forfeiture is not cognizable here as a matter of law, and the court will grant the motion to dismiss as to this claim without leave to amend.

### 2. Waiver and Estoppel

Counterdefendants contend that the Counterclaimants have also failed to adequately plead their equitable claims for waiver and estoppel. Both claims must be specially pleaded, and they also have limited application in the option context. *See Windsor Mills v. Richard B. Smith, Inc.*, 272 Cal.App. 2d 336, 341- 42 (1969). The court finds that the allegations in paragraphs 24-27 and 29 of the Counterclaim contains factual allegations of waiver and estoppel pleaded "with sufficient accuracy to disclose the facts relied upon." *See id.* Therefore, Counterdefendants' motion to dismiss as to these claims will be denied.

## IV. Disposition

The court orders as follows: 1) the motion to dismiss the breach of contract claim is GRANTED with leave to amend no later than 30 days of the date of filing of this order; 2) the motion to dismiss the claim for forfeiture is GRANTED without leave to amend; and 3) the motion to dismiss the waiver and estoppel claims is DENIED.

DATED: February 7, 2013

                         ROBERT J. TIMLIN
                         ROBERT J. TIMLIN
                         United States District Judge