UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
Sacramento Division

CIVIL MINUTES - GENERAL

Case No.     1:12-cv-00809-RJT                                    Date: March 11, 2013

Title:     *RENEWABLE LAND, LLC, et al. v. RISING TREE WIND FARM LLC, et al.*

PRESENT:

THE HONORABLE ROBERT J. TIMLIN, JUDGE

    Patricia Gomez                                                    None

    Courtroom Clerk                                              Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
            None                                              None

**PROCEEDINGS: (IN CHAMBERS)  ORDER GRANTING ADDISON ENERGY RESOURCES LLC'S MOTION TO INTERVENE**

The court has read and considered Addison Energy Resources LLC's ("Addison") motion to intervene, Defendants' opposition to the motion, Addison's reply, and Plaintiffs' (collectively "Roberts") joinder in Addison's motion.  It also heard oral argument by counsel for the proposed intervenor and the parties.  Based on such consideration, the court rules as follows:

Addison Energy Resources LLC moves to intervene in this action, as of right under Federal Rules of Civil Procedure, Rule 24(a)(2) ("Rule 24(a)(2)") or, in the alternative, requests that the court exercise its discretion under Federal Rules of Civil Procedure, Rule 24(b)(1)(B) to permit Addison to intervene.

**I.     INTERVENTION AS OF RIGHT**

In the absence of a statute conferring an unconditional right to intervene, Rule 24(a)(2) governs a party's application for intervention as of right in the federal courts.  Rule 24(a)(2) provides:

Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed.R.Civ.P. 24(a)(2). The Ninth Circuit has recognized that the requirements of Rule 24(a)(2) may be broken down into four elements, each of which must be demonstrated in order to provide a non-party with a right to intervene: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the transaction that is the subject of the litigation; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the parties before the court. *See Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). In their opposition, Defendants only addressed the fourth factor, the adequacy of the representation, arguing that Addison's interests are more than adequately represented by the Plaintiffs in this lawsuit and that their arguments to the contrary in their motion boil down to a dispute over litigation tactics, which is not recognized as a sufficient ground for intervention as a matter of right. Although Defendants have essentially conceded that Addison has made a sufficient showing as to the first three factors, the court will address each in turn.

When evaluating whether the requirements for intervention of right are met, a court normally follows practical and equitable considerations and construes the governing rule broadly in favor of proposed intervenors, since a liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. Fed.R.Civ.P. 24(a)(2); *Wilderness Soc. v. U.S. Forest Service*, 630 F.3d 1173, 1179 (9th Cir. 2011); *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In evaluating whether Addison satisfies these requirements, this court must "take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint . . . in intervention, and declarations supporting the motion as true absent sham, frivolity, or other objections." *Southwest Center*, 268 F.3d at 820.

### A. Timeliness

Timeliness is the "threshold requirement" for intervention as of right. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990). In determining whether a motion for intervention is timely, courts consider three factors: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *County of Orange v. Air California*, 799 F.2d 535, 537 (9th Cir. 1986).

This lawsuit was filed on April 30, 2012, approximately nine months before Addison filed its motion to intervene. Although "any substantial lapse of time weighs heavily against intervention," *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting *United States v. Washington*, 96 F.3d 1499, 1503 (9th Cir. 1996)), this case remains in the early stages of litigation. Rising Tree filed its answer and counterclaim on May 25, 2012, and on June 15, 2012, Plaintiffs filed a motion to dismiss Rising Tree's counterclaim. That motion was pending at the time Addison filed its motion to intervene. Since the motion to intervene was filed, the court has granted in part and denied in part the motion to dismiss. Further, at the time Addison filed its motion to intervene, no scheduling conference order had issued and no mandatory scheduling conference had occurred. Therefore, the parties had not begun conducting any discovery. Since the motion to intervene was filed, a mandatory scheduling conference order issued, and a scheduling conference will occur on March 11, 2013.

The court finds that, although a significant amount of time elapsed before Addison filed its motion to intervene, the court has not yet "substantively– and substantially– engaged the issues in this case" and that the case remains in the nascent stages. *League of United Latin American Citizens*, 131 F.3d at 1303. The court is

also persuaded by Addison's proffered reason for the delay in entering the case, because of project deadlines that are approaching in 2013 and the fiscal impact it will have on them if this litigation is not resolved. As for prejudice, the court notes that intervenors are permitted to litigate fully once admitted to a lawsuit, and therefore that Addison's admission as a party will have the inevitable effect of prolonging the litigation to some degree. However, because of the preliminary stages of the litigation, particularly the fact that the parties have yet to engage in discovery, the court finds the prejudice to the parties to be minimal. Therefore, the court finds that Addison's intervention is timely.

### B. Significant Protectable Interest

Rule 24(a)(2)'s requirement that the proposed intervenor have a "significant protectable interest" relating to the transaction that is the subject of the litigation does not require a specific legal or equitable interest, and the interest test has been construed by the Ninth Circuit to be "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Wilderness Soc.*, 630 F.3d at 1179 (quoting *County of Fresno v. Andrus*, 622 F.2d 436, 438 (9th Cir. 1980)). "It is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club*, 995 F.2d at 1484. Furthermore, a prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006).

Contract rights are traditionally considered significant protectable interests. *Southwest Center*, 268 F.3d at 820 (citing *Sierra Club*, 995 F.2d at 1842) (holding that construction contractor and building trade associations, who were owners of ongoing projects that were on an approved negotiated project list pursuant to an implementation agreemetn entered in connection with a city's land management plan had a significantly protectable interest relating to suit under Endangered Species Act); *see also Hook v. State of Arizona*, 972 F.2d 1012, 1015 (9th Cir. 1992) (holding that intended third-party beneficiaries of an agreement have rights to enforce the contract that grants them beneficiary status).

On March 8, 2012, Roberts entered into an Options and Development Agreement with Addison, which grants Addison an option to acquire leasehold and other related rights in and to the property which is currently the subject of the option agreement between the parties to this lawsuit, and it also grants Addison the option to acquire certain environmental data necessary to develop a wind farm on that property. The Options and Development Agreement recognizes that Addison's option to acquire certain rights in the property arises from Roberts's agreement with Rising Tree, and the right to environmental data granted in the Addison Option Agreement depends upon Roberts's ability to obtain possession of that data from Rising Tree. The court concludes that Addison's contractual interests under its option agreement are a significant protectable interest relating to the transaction that is the subject of the litigation.

### C. Impairment of Addison's Interest

The next requirement that the court must consider is whether the disposition of this lawsuit may, as a practical matter, impair or impede Addison's ability to protect its interest. The standard is a practical one: "[Courts] follow the guidance of Rule 24 advisory committee notes that state that '[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be

entitled to intervene.'" *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001) (quoting Fed.R.Civ.P. 24 advisory committee note to 1966 amendment). It is clear to this court that, practically speaking, the disposition of this lawsuit will significantly impact Addison's interests under its option agreement with Roberts, as its rights under the contract are contingent on the resolution of the claims in this lawsuit concerning the parties' option agreement and whether Rising Tree has in fact validly exercised its option under that agreement to extend the term for another two years. As Addison notes in its motion, the practical effect of the court's ruling on the complaint and counter-complaint will have the effect of either nullifying Addison's option rights under its option agreement, if it finds that Rising Tree validly exercised its option to extend its option for another two years, or removing the cloud on title that currently exists because of this litigation and allowing it to obtain environmental data necessary to proceed with the development of its own wind farm on the property. Therefore, the court finds that Addison has made a sufficient showing with regard to the third factor of the four part test for intervention under Rule 24(a).

### D. Whether Existing Parties Adequately Represent Addison's Interest in this Litigation

The court finally considers the last factor, whether a proposed intervenor's interest is currently being adequately represented by the parties in the litigation. Addison contends that, although its interests are aligned with Roberts as to the ultimate objective of this lawsuit, its interests are not being adequately represented because it alone stands to lose substantial money in tax credits if the project does not move forward in a timely fashion, that it has a substantial financial investment in the project already, and that, more generally speaking, it will be the party to lose the ability to build the project on what it argues is unique land with proximity to infrastructure to be shared with some of its affiliates. Therefore, according to Addison, because of its unique interest in having this litigation resolved urgently, its interests are different than Roberts, and Addison will likely advance different arguments than Roberts. It cites as an example the motion for preliminary injunction that it has filed, which Plaintiffs had not filed. As noted above, while Rising Tree did not contest the other three factors in its opposition, it does contend that Addison's interests are in fact being adequately represented by the plaintiffs because they share the same ultimate objective and that any differences raised by Addison in its motion amount to nothing more than differences in litigation strategy. Finally, the court has also considered Roberts' joinder in Addison's motion to intervene, in which Roberts states that the plaintiffs "cannot and will not guarantee that it can adequately represent Addison's interests in this action; such interests may diverge from Roberts' own interests."

In determining whether a would-be intervenor's interests will be adequately represented by an existing party, the courts consider: (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect. *NFRC*, 82 F.3d at 838. The prospective intervenor bears the burden of demonstrating that the existing parties may not adequately represent its interests. *Southwest Center*, 268 F.3d at 823. However, the burden of showing inadequacy is "minimal," and the applicant need only show that representation of its interests by existing parties "may be" inadequate. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972). In assessing the adequacy of the representation, the focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion. *Southwest Center*, 268 F.3d at 824.

While it is true that the burden on the would-be intervenor is minimal, the Ninth Circuit has observed that "when an applicant for intervention and an existing party have the same ultimate objective, a presumption of

adequacy of representation arises." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  Here, the court finds that both Addison and Roberts have the same ultimate objective, a declaration that Rising Tree's option expired.   Therefore, Addison must rebut that presumption.  The court is satisfied that it has made a sufficient showing to both rebut the presumption and satisfy its "minimal" burden of showing inadequate representation.  Because of the slightly divergent interests of Addison and Roberts, the court finds that the interests of the present parties are such that it will not "undoubtedly" make all the arguments Addison would and not in the time frame that Addison would desire.  The pending motion for preliminary injunction is an example of exactly how these divergent interests might result in these parties presenting different arguments to the court.  Further, Roberts has stated to the court in its joinder that it will not guarantee it will represent Addison's interests. Although Roberts obviously has an interest in having Addison present in the litigation, the court finds the representations of Roberts to be credible and in good faith..

  The court finds the present issue concerning Roberts' adequacy of representation to be similar to that confronted by the Ninth Circuit in *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001).  There, environmental groups brought suit against city and various federal departments and officials, alleging that the city's land management plan and species conservation program did not comply with the requirements of the Endangered Species Act, and a construction contractor and building trade associations sought to intervene in the suit as of right.  The Ninth Circuit held that, although the defending governmental agencies and the intervenors had the same ultimate objective, "the priorities of the defending government agencies are not simply to confirm the Applicants' interests in the Plans, the IA, and the City's ITP.  The interests of government and private sector may diverge.  On some issues, Applicants will have to express their own unique private perspectives and in essence carry forward their own interests."  Here, similarly, Addison and Roberts' interests may diverge, and at that time, Addison will have to carry forward its own interests.

  Rising Tree's contention that this amounts to a mere difference in litigation strategy is not persuasive.  As stated in Southwest Center, "[i]t is sufficient for [Addison] to show that, because of the difference in interests, it is likely that Defendants will not advance the same arguments as [Addison].  Resolution of this case will decidedly affect [Addison's] legally protectable interests and 'there is sufficient doubt about the adequacy of representation to warrant intervention.'" *Southwest Center*, 268 F.3d at 824 (citing *Trbovich*, 404 U.S. at 538).

  For the foregoing reasons, the court GRANTS Addison's motion to intervene as of right under Rule 24(a)(2).  Therefore, the court need not reach the alternative grounds for intervention raised by Addison, concerning permissive intervention under Rule 24(b)(1)(B).

  **IT IS SO ORDERED.**